| iTHIBODEAUX, Judge,
concurring.
I concur with the results reached by the majority. I concur to note my disapproval of the majority’s disposition of the due process arguments in connection with the withdrawal of the defendant’s motion to suppress.
The record reveals the following with regard to the defendant’s decision to withdraw his motion to suppress:
BY MS. ALEX:
We’re supposed to be here for a motion to suppress the evidence and/or a motion to suppress the oral confessions or statements. He has explained to me that the oral confession or statement is not inculpatory; it’s exculpatory. So there’s no need to do that. And as for the suppression of any evidence, it was not pursuant to a search warrant and he is going to allow me to took at it at the Sheriffs Department. So there’s no need to do that.
|2BY MR. COMEAUX:
Judge, I’d just like to make Miss Alex aware that, although the statement in and of itself is not inculpatory as taken, if the defendant would testify, some of the cross examination may be upon the statement, and it may be used to impeach him.
BY THE COURT:
Well, that may be. That may be, Mr. Comeaux. But if she wants to withdraw her motion to suppress the statement, she has the right to do that. And if that’s what she’s telling me she wants to do, I’m going to grant her motion to withdraw that motion to suppress.
*1342 BY MR. COMEAUX:
That’s fine, Judge.
BY THE COURT:
And I do so at this time.
It is clear to me that the most reasonable inference which can be drawn from the above colloquy is that the statement would be used only if the defendant testified. Additionally, a clear inference can be drawn that the statement is not inculpatory. Given these assurances by the district attorney’s office, it would have been futile and a waste of judicial resources to undergo an exercise to suppress that which was not adverse to the defendant. The defendant was clearly misled and we should not sanction the conduct of the state in these proceedings, even if this error was harmless.